```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

JOSEPH EUBANKS, JR.,            )
          Plaintiff,            )
                                )
     v.                         ) Civil Action No. 04-11978-GAO
                                )
DEPARTMENT OF COMMERCE,         )
Agency; DONALD EVANS,           )
Secretary; ARTHUR DUKAKIS,      )
C. STEPHEN DRISCOLL; ROBERT     )
SIMMONS; BRUCE KAMERER,         )
                                )
          Defendants.           )
```

                    MEMORANDUM AND ORDER

   For the reasons stated below, plaintiff shall demonstrate good cause why this action should not be dismissed.

                        BACKGROUND

   On September 10, 2004, plaintiff Joseph Eubanks, a resident of Boston, filed an application to proceed without prepayment of the filing fee and a complaint alleging employment discrimination. Complaint ("Compl.") p. 1. He alleges that in March 2000, he began working for Bureau of the Census and that he was discriminated against based on his race, gender, and national origin. Compl. p. 2. He claims that as a result of this discrimination he was terminated from his position in May 2000. Id. at p. 3. Eubanks brings this action pursuant to Title VII of the Civil Rights Act of 1964, Compl. p. 2, and seeks compensatory damages. Id. at p. 4.

                         ANALYSIS

   I.   The Court May Screen this Action

Because plaintiff seeks to file this complaint without prepayment of the filing fee, a summons has not issued in order to allow the Court to review plaintiff's complaint to determine if it satisfies the substantive requirements of the federal in forma pauperis statute.  See 28 U.S.C. § 1915. Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

   II.  It Is Not Clear Whether Plaintiff
        Has Exhausted His Administrative
        Remedies or Whether This Action is Timely

Generally, a federal employee asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e,

et seq. ("Title VII"),[1] must exhaust his or her administrative remedies as a precondition to filing a civil action in a federal district court. See Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976); accord Morales-Vallellanes v. Potter, 339 F.3d 9, 18 (1st Cir. 2003) (judicial recourse under Title VII, however, is not a remedy of first resort); Jensen v. Frank, 912 F.2d 517, 520 (1st Cir. 1990) (exhaustion requirement).  Title VII authorizes a federal employee to bring a civil action in district court only after: (1) an appeal to the Equal Employment Opportunity Commission ("EEOC"); or (2) "final action" taken by the department or agency; or (3) if no "final action" is taken, after 180 days have elapsed from the filing of the complaint of discrimination.  42 U.S.C. § 2000e-16(c).[2]

---

[1] A complainant also may elect to utilize any available grievance procedures in a collective bargaining agreement. The Federal Labor-Management Relations Act ("FLMRA") governs the methods and manner by which a federal employee with exclusive union representation may challenge an adverse personnel decision The FLMRA provides for a binding election of remedies with regard to employment discrimination claims in situations where the contractual procedure encompasses such claims.  See 5 U.S.C. § 7121(d).  Plaintiff does not allege that he has presented his claims pursuant to any grievance procedures.

[2] Section 2000e-16(c) provides:

> Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a

"Final action" means either (a) adoption by the relevant government agency of the EEO counselor's final report; (b) a final decision by the EEOC, if the claimant appeals to the EEOC, or (c) the passage of 180 days without receipt of a final decision by either the relevant agency or the EEOC. Id.

1. Pre-complaint processing

A federal employee initially must first file a "pre-complaint" with the Equal Employment Opportunity ("EEO") of his or her agency. See 29 C.F.R. § 1614.105(a)(1) (federal employee must contact an EEO counselor within forty-five days from the date of the alleged discriminatory event or personnel action for "pre-complaint" processing); see also Cano v. United States Postal Serv., 755 F.2d 221, 223 (1st Cir. 1985)

---

decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

42 U.S.C. § 2000e-16.

(per curiam) (interpreting former 30-day provision).

If an informal resolution is not reached, the aggrieved person must file a formal complaint with the agency accused of discrimination within 15 days of receipt of written notification from the EEO counselor. 29 C.F.R. § 1614.106(a) and (b). Once a final agency decision is reached on the formal complaint, the aggrieved person has 90 days within which to file a civil action if dissatisfied with the outcome. 42 U.S.C. §2000e-16(c). If the aggrieved person does not receive a final agency decision after 180 days, he or she may file a civil action. Id.; see 29 C.F.R. § 1614.106(e) (time for investigation).

    2.  Appeal to the EEOC

Alternatively, once the agency's EEO issues a final decision, an aggrieved party may file an appeal of the agency resolution with the EEOC. 29 C.F.R. § 401 (appeal to commission). If the complainant files an appeal with the EEOC, the EEOC either investigates and resolves the question or issues a "right to sue" letter to the complainant, and he or she may then file a civil action in federal district court within 90 days of the EEOC's final decision. See 42 U.S.C. § 2000e(16). If an aggrieved party files an appeal with the EEOC and the EEOC has not issued a final decision on the matter after 180 days, he or she may then proceed to federal

district court as well.  42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407 (civil action under Title VII).

Here, plaintiff fails to allege that he submitted his claims of discrimination under any of these procedures[3] and that he has timely sought judicial review in this Court. Although the timely filing of an administrative charge is not a jurisdictional prerequisite to suit, a plaintiff may not circumvent the requirement, see Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Oscar Mayer & Co. v. Evans, 441 U.S. 750, 757 (1979), and plaintiff's pro se status does not immunize him from this requirement.  See Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996) (pro se status does not relieve an employee of the obligation to meet procedural requirements established by law); cf.  Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) (per curiam) (sua sponte dismissal of expired claims of pro se plaintiff proper).

Thus, plaintiff's complaint is subject to dismissal for failing to adequately allege facts indicating that he has exhausted his administrative remedies and indicating that this action is timely or that any untimeliness may be excused.

---

[3]Eubanks' allegation that he "brought to the attention of management the beginning of ethnically or racially improper comments to his immediate superior which follows most common and standard EEO procedures," see Compl. p. 2, is insufficient to adequately allege exhaustion.

Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003) (dismissal for failure to state a claim for failure to exhaust administrative remedies for ADEA and Title VII claims after show-cause order proper); Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999) (claimants who seek to recover for violations of ADA and Title VII first must timely exhaust administrative remedies; unexcused failure bars courthouse door); Rice v. New England College, 676 F.2d 9, 10-11 (1st Cir. 1982) (affirming dismissal of Title VII claim filed 91 days after receipt of EEOC's right-to-sue notification on ground that absent "a recognized equitable consideration, the court cannot extend the limitations period by even one day").

## CONCLUSION

ACCORDINGLY, plaintiff shall demonstrate good cause, in writing, within thirty-five (35) days of the date of this Memorandum and Order, why this action should not be dismissed without prejudice under 28 U.S.C. § 1915(e)(2) for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 29th day of September 2004.

                                        s/ George A. O'Toole, Jr.
                                        GEORGE A. O'TOOLE, JR.
                                        UNITED STATES DISTRICT JUDGE