UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH EUBANKS JR., <br> Plaintiff, <br> <br> v. <br> <br> DEPARTMENT OF COMMERCE, <br> Agency; DONALD EVANS, <br> Secretary; ARTHUR DUKAKIS, <br> C. STEPHEN DRISCOLL; ROBERT <br> SIMMONS; BRUCE KAMERER, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 04-11978-GAO <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF'S RESPONSE TO JUDGE'S ORDER AND MEMORANDUM

    Plaintiff brought his action pursuant to Title VII of the Civil Right Acts of 1964, 42 U.S.C. 2000e, after appealing his agency's finding to the EEOC's Office of Federal Operations. Plaintiff exhausted his legal remedies and is now seeking redress in federal court by filling a civil suit. Please see attached documents **Exhibit A**. Plaintiff received the EEOC's Office of Federal Operations decision of his appeal on June 13, 2004. Plaintiff filed his civil suit as explained to him by an OFO officer and also the pro-se clerk at Boston's federal court house within 90 days of receipt of his order.

    Also please note the correct number of Plaintiff's address. Plaintiff legal address is **14 Ruthven Street**. Please see attached documents **Exhibit B and C**. This can lead to serious problems if not corrected. Mail is delayed and can be lost if this is not corrected as soon as possible. This wrong address issue has also occurred with the EEOC until properly and quickly notified. Please note that Plaintiff and also his immediate neighbors have had problems with the timely delivery of their regular first class mail by the United States Post Office. This matter has been brought to the attention of the local Postmaster that handles Plaintiff's route.

SO NOTED,

Dated at Boston, Massachusetts, this **31st** day of **October** 2004.

                                                         */s/ Joseph Eubanks*,
                                                         Joseph Eubanks Jr., Plaintiff

EXHIBIT A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Office of Federal Operations
### P.O. Box 19848
### Washington, D.C. 20036

Joseph Eubanks, Jr.,
Complainant,

v.

Donald L. Evans,
Secretary,
Department of Commerce,
Agency.

Appeal No. 01A34175

Agency No. 00-63-02125D

## DECISION

Complainant timely initiated an appeal from a final agency decision (FAD) concerning his complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq*. The appeal is accepted pursuant to 29 C.F.R. § 1614.405. For the following reasons, the Commission affirms the agency's final decision.

The record reveals that complainant is a former Field Operations Supervisor, at the Local Census Office #2119, Boston Regional Census Center, located in Boston, Massachusetts. Complainant sought EEO counseling and subsequently filed a formal complaint on July 18, 2000, alleging that he was discriminated against and subjected to a hostile work environment on the bases of race (Black), national origin (American), and sex (male), when his employment was terminated on May 23, 2000.

At the conclusion of the investigation, complainant was informed of his right to request a hearing before an EEOC Administrative Judge (AJ) or alternatively, to receive a final decision by the agency. On August 28, 2001, complainant requested a hearing. On February 21, 2003, the AJ issued complainant a "Show Cause Order,"[1] directing him to indicate his intentions with respect

---

[1] The AJ issued a Show Cause Order, because complainant expressed disagreement with her ruling on complainant's discovery motions. In her order, the AJ advised complainant that if he did not respond within 15 days of receipt of the Order, his non-response would be considered a withdrawal of his request for hearing.

EXHIBIT A

2                                                                                          01A34175

to proceeding with his case. Complainant failed to respond to the "Show Cause Order" and the AJ denied the hearing request and remanded the case to the agency for issuance of a FAD.

In its FAD, the agency concluded that management articulated a legitimate, nondiscriminatory reason for its action, namely, complainant's poor performance. Specifically, the agency found that daily progress reports showed that complainant's district was the least productive of all the districts assigned to the Boston South Local Census Office (LCO). The agency also found that complainant failed to adequately train and supervise his Crew Leaders who, in turn, were responsible for the performance and production of the Enumerators. The agency further found that management discussed with complainant his deficiencies on several occasions but that he did not improve his performance. Finally, the agency found that complainant failed to establish a *prima facie* case of harassment. Specifically, the agency found that the conduct complained of was not so severe or pervasive to create a hostile work environment. The agency concluded that there is no evidence that complainant's supervisor made the remarks complainant alleged.

On appeal complainant contends, among other things, that he was terminated because he questioned management's personnel decisions which he believed were racially motivated. Complainant makes no contentions about the AJ's decision to deny his hearing request. The agency requests that we affirm its FAD.

## ANALYSIS AND FINDINGS

Generally, claims of disparate treatment are examined under the tripartite analysis first enunciated in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). Complainant must establish a *prima facie* case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, *i.e.*, that a prohibited consideration was a factor in the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802; *Furnco Construction Corp. v. Waters*, 438 U.S. 567 (1978). The burden then shifts to the agency to articulate a legitimate, nondiscriminatory reason for its actions. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). If the agency is successful, the burden reverts back to the complainant to demonstrate by a preponderance of the evidence that the agency's reasons were a pretext for discrimination. At all times, complainant retains the burden of persuasion, and it is his obligation to show by a preponderance of the evidence that the agency's reasons were not true and that it acted on the basis of a prohibited discriminatory reason. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993); *U.S. Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 715-16 (1983).

This established order of analysis in discrimination cases, in which the first step normally consists of determining the existence of a *prima facie* case, need not be followed in all cases. Where the agency has articulated a legitimate, nondiscriminatory reason for the personnel action at issue, the factual inquiry can proceed directly to the third step of *McDonnell Douglas* analysis, the ultimate issue of whether complainant has shown by a preponderance of the evidence that the agency's actions were motivated by discrimination. *U.S. Postal Service Board of Governors v. Aikens*, 460

3                                                                              01A34175

U.S. at 713-14; *Hernandez v. Department of Transportation*, EEOC Request No. 05900159 (June 28, 1990); *Peterson v. Department of Health and Human Services*, EEOC Request No. 05900467 (June 8, 1990).

In response to complainant's claim, agency officials explained that since May 2000, they had problems with complainant's job performance and with the poor performance of District 6, the district for which complainant was responsible. Management further explained that they compared the performance of District 6 to District 1, because the workload of the two districts was similar. After a comparison, management found that District 6 had completed only forty-one cases while District 1 had completed four-hundred fifteen cases. The agency asserted that complainant had several deficiencies in his performance. Specifically, the agency found that complainant failed to adequately supervise the Crew Leaders in District 6 who were responsible for the Enumerators' production. The agency also found that binders of work from District 6 were frequently lost and were not submitted for processing by Crew Leaders. The record reveals that complainant was not meeting with his Crew Leaders on a daily basis as he had been directed. The record also reveals through the Office Manager's testimony that complainant always defended the Crew Leaders within District 6 rather than actively taking steps to emphasize the importance of not falling behind in achieving goals established for District 6. The agency asserts that complainant failed to keep tight control over his subordinate personnel and their work. We thus conclude that the agency articulated legitimate, nondiscriminatory reasons for terminating complainant.

Since the agency articulated a legitimate, nondiscriminatory reason for its action, we move to the third step in the analysis. The burden returns to complainant to establish that the agency's explanation was a pretext for discrimination. Complainant must show that the agency's action was more likely than not motivated by discrimination, that is, that the action was influenced by legally impermissible criteria and that its reasons for its action were not the true reasons. *St Mary's Honor Center v. Hicks, supra.*

In an attempt to demonstrate pretext, complainant contended that he was assigned to a district he was not familiar with; that other districts had low numbers of cases; and that his district's performance was hampered by a requirement that he hire college students who were not available to work the hours needed. With regard to hiring college students, the agency stated there was no such requirement. The only point that the agency emphasized in recruiting and hiring personnel was that the staff should live in the district in which they work. The agency also found that it was up to complainant to hire and train the highest quality staff possible. The record also reveals that other districts had similar number of cases than complainant's district, and their performance was better. We find that complainant has not refuted the agency's characterization of his work, shown that the agency's reasons were untrue, or demonstrated that his termination was motivated by race, national origin, or sex. The record also reveals that two other individuals outside of complainant's protected group were terminated for poor performance. We find that the evidence of record is insufficient to establish pretext.

EXHIBIT A

4                                                                    01A34175

To establish a *prima facie* case of hostile work environment harassment, complainant must show that: (1) he belongs to a statutorily protected class; (2) he was subjected to harassment in the form of unwelcome verbal or physical conduct involving the protected class; (3) the harassment complained of was based on the statutorily protected class; and (4) the harassment affected a term or condition of employment and/or had the purpose or effect of unreasonably interfering with the work environment and/or creating an intimidating, hostile, or offensive work environment. *Humphrey v. United States Postal Service*, EEOC Appeal No. 01965238 (October 16, 1998). Complainant argued that the former Local Census Officer Manager (OM) made racially derogatory comments during their meetings together, including comments that people of color were poor performers and lazy and that more White people needed to be hired in order to get the job done. We find that complainant has not presented sufficient probative evidence, to prove, by a preponderance, that these remarks were made. We also find that even assuming that the OM did make the remarks as complainant alleges, they were isolated remarks and do not appear to have been sufficiently severe or pervasive to support a finding of a discriminatory hostile work environment. Therefore, after a careful review of the record, the agency's response, and arguments and evidence not specifically addressed in this decision, we affirm the agency's finding of no discrimination.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

5                                                                                          01A34175

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

_[signature]_                                                                               JUN - 3 2004
Carlton M. Hadden, Director                                                                 Date
Office of Federal Operations

### CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

JUN - 3 2004                                                                                _[signature]_
Date                                                                                        Equal Opportunity Assistant

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
JOHN JOSEPH MOAKLEY COURTHOUSE
1 COURTHOUSE WAY, SUITE 2300
BOSTON, MA 02210

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

SEP 30 04

Mr. Joseph Eubanks, Jr.
19 Ruthven Street
Dorchester, MA 02121

EXHIBIT B



**NSTAR**
ELECTRIC
GAS

One NSTAR Way  Westwood, MA 02090-9230


REROUTED
FIRST CLASS



ADDRESS SERVICE REQUESTED

JOSEPH EUBANKS
14 RUTHVEN ST 2
DORCHESTER   MA   02121-1408

Exhibt C 1

| 09/17* | 309 |
|--------|-----|
| 08/20  | 317 |
| 07/22  | 308 |
| 06/18  | 292 |

Delivery Services Total         29.51
Supplier Services
Generation Charge



Post Office Box 4508
Woburn, MA 01888-4508

Account Number

12 0 0000004925 13   80 2177 681 1008   H

JOSEPH EUBANKS
14 RUTHVEN ST 2
DORCHESTER   MA   02121-1408

NSTAR Electric

Please Pay

$49.25

Payment Received by Nov 15, 2004 Will Appear on Your next Bill

**RETURN THIS PORTION WITH YOUR PAYMENT. MOVING? PLEASE LET US KNOW, OTHERWISE YOU MAY BE RESPONSIBLE FOR ENERGY USE AFTER YOU MOVE.**

EXHIBIT C2