UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH EUBANKS,<br>　　　Plaintiff,<br><br>　　　v.<br><br>DEPARTMENT OF COMMERCE, ET AL.,<br>　　　Defendant | CIVIL ACTION<br>NO. 04-11978-GAO |

## ANSWER

　　Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Donald L. Evans, Secretary, Department of Commerce, without waiving, but expressly reserving, all rights that it may have to seek relief by appropriate motions, answers, upon information and belief, the individually numbered paragraphs in Plaintiff's Complaint as follows:

　　1. Defendant is without sufficient information to admit or deny that Plaintiff currently is a resident of Boston, Suffolk County, Massachusetts. Defendant admits that Plaintiff is a citizen of the United States.

　　2. Defendant admits that the Department of Commerce is a federal agency and that the headquarters of the Bureau of the Census, a bureau within the Department of Commerce, is located in Suitland, Maryland.

　　3. Defendant is without sufficient information to admit or deny that Arthur Dukakis currently is a resident of Massachusetts. Defendant denies that Arthur Dukakis is currently an employee of Defendant, but admits that Arthur Dukakis was previously employed by Defendant. Defendant admits that Arthur Dukakis is a citizen of the United States.

4. Defendant is without sufficient information to admit or deny that C. Stephen Driscoll currently is a resident of Massachusetts. Defendant denies that C. Stephen Driscoll is currently an employee of Defendant, but admits that C. Stephen Driscoll was previously employed by Defendant. Defendant admits that C. Stephen Driscoll is a citizen of the United States.

5. Defendant is without sufficient information to admit or deny that Robert Simmons currently is a resident of Massachusetts. Defendant denies that Robert Simmons is currently an employee of Defendant, but admits that Robert Simmons was previously employed by Defendant. Defendant admits that Robert Simmons is a citizen of the United States.

6. Defendant notes that the allegations contained in paragraph 6 of Plaintiff's Complaint are identical to those listed in paragraph 5, and as such have already been answered; notwithstanding, Defendant is without sufficient information to admit or deny that Mr. Simmons currently is a resident of Massachusetts. Defendant denies that Robert Simmons is currently an employee of Defendant, but admits that Robert Simmons was previously employed by Defendant. Defendant admits that Robert Simmons is a citizen of the United States.

7. Paragraph 7 of Plaintiff's Complaint contains statements of jurisdiction and venue which are matters of law and to which no response is required. To the extent that any answer is required regarding jurisdiction and venue, Defendant admits that the Complaint purports to state a claim arising under 42 U.S.C. § 2000(e) et seq., and for which jurisdiction is proper in this Court. Defendant denies, however, that it violated 42 U.S.C. § 2000(e) et seq.

8. Defendant admits the allegations in paragraph 8 insofar as Defendant admits that Plaintiff began his temporary employment with Defendant on March 20, 2000. Except as specifically admitted, Defendant denies the allegations in paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 10 of Plaintiff's Complaint. To the extent that an answer is deemed required, the allegations are denied.

11. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 11 of Plaintiff's Complaint. To the extent that an answer is deemed required, the allegations are denied.

12. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 12 of Plaintiff's Complaint. To the extent that an answer is deemed required, the allegations are denied.

13. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 13 of Plaintiff's Complaint. To the extent that an answer is deemed required, the allegations are denied.

14. Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendant is without sufficient knowledge to answer the allegations contained in paragraph 15 of Plaintiff's Complaint. To the extent required, Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant admits that Plaintiff's temporary employment was terminated effective May 24, 2000. Except as specifically admitted, Defendant denies the allegations in paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 19 of Plaintiff's Complaint. To the extent that an answer is deemed required, the allegations are denied.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Paragraph 26 of Plaintiff's Complaint sets forth a prayer for relief and legal conclusions for which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Paragraph 27 of Plaintiff's Complaint contains a demand for judgment for which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendant notes that paragraph 28 of Plaintiff's Complaint sets forth a demand for jury trial for which no reply is needed. To the extent that any factual allegations are contained therein, Defendant denies the same.

29. Defendant notes that paragraph 29 of Plaintiff's Complaint sets forth the same demand for jury trial contained in paragraph 28, for which no reply is needed. To the extent that any factual allegations are contained therein, Defendant denies the same.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff has failed to mitigate his damages.

## THIRD DEFENSE

Plaintiff acted unreasonably in failing to notify Defendant of instances of alleged harassment, and the Agency acted appropriately and stopped any alleged harassment reported by Plaintiff.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent that Defendant took the actions complained of (termination of Plaintiff's temporary employment) for legitimate business reasons and those reasons are and were not pretextual.

## FIFTH DEFENSE

To the extent Plaintiff's request for damages might be construed to include a request for punitive damages, punitive damages are not available in employment discrimination actions against the United States of America or its agencies.

## SIXTH DEFENSE

Plaintiff's claims against the individual named defendants Dukakis, Driscoll, Simmons, and Kamerer must be dismissed because there is no cause of action against individual agency employees under Title VII of the Civil Rights of 1964.

SEVENTH DEFENSE

Plaintiff's claims against the individual named defendants Dukakis, Driscoll, Simmons, and Kamerer must be dismissed for insufficient service of process.

EIGHTH DEFENSE

Plaintiff's claims should be dismissed to the extent that they were not properly raised in the administrative process.

NINTH DEFENSE

Any and all treatment accorded to Plaintiff did not constitute prohibited discrimination.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: /s/ Eugenia M. Carris
EUGENIA M. CARRIS
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3282

DATED: March 17, 2005

Of Counsel:
Christopher M. Paridon
U.S. Department of Commerce
Office of the General Counsel
4700 Silver Hill Road, Stop 3701
Washington, D.C. 20233-3701

Certificate of service

I hereby certify that a true copy of Defendant's Answer was served upon the pro se Plaintiff, Joseph Eubanks, Jr.,14 Ruthven Street, Dorchester, MA 02121 by first class mail on March 17, 2005.

/s/ Eugenia M. Carris
Eugenia M. Carris, AUSA