UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| JOSEPH EUBANKS, Jr., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-11978-GAO |
| ) | |
| DONALD EVANS, Secretary of Commerce ) | |
| U.S. Department of Commerce, ) | |
| Defendant ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

**I. INTRODUCTION:**

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3), Defendant Donald Evans, Secretary of Commerce, U.S. Department of Commerce ("Defendant"), hereby submits this motion to dismiss Joseph Eubanks, Jr.'s ("Plaintiff's") complaint for this Court's lack of subject matter jurisdiction over his claims.[1]  As grounds for this motion, Defendant asserts that Plaintiff failed to file suit within the statutory time limitations with regard to this complaint; and failed to exhaust his

---

[1] Defendant has attached to this memorandum a number of documents in support of his argument in favor of dismissing Plaintiff's claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and 12(h)(3).  The attachment of these documents does not transform this motion from a Rule 12 motion to dismiss to a Rule 56 motion for summary judgment, because "a court is not bound by the allegations in the pleadings when considering motions to dismiss for lack of subject matter jurisdiction brought under Rule 12(b)(1)."  White v. Comm'r of Internal Revenue, 899 F. Supp. 767, 771 (D. Mass. 1995).  Moreover, several of the documents attached hereto as exhibits are referenced in Plaintiff's complaint.  Nevertheless, the Court may look beyond the pleadings in order to determine jurisdiction. See Wright & Miller, Federal Practice and Procedure: Civil § 1363 (1990).

administrative remedies because he failed to file his administrative complaint within the required time and failed to raise all claims during pre-complaint counseling.

## II. FACTUAL AND PROCEDURAL BACKGROUND:

Plaintiff commenced his temporary employment with the U.S. Department of Commerce, Bureau of the Census ("Agency" or "Bureau") as a Field Operations Supervisor on March 20, 2000. Plaintiff's employment consisted of a temporary position with a not-to-exceed date of June 4, 2000.[2]  See Exhibit 1. On May 6, 2000, Plaintiff's supervisors became aware of Plaintiff's poor performance because his district ("District 6") had the lowest production rate of any district located in Plaintiff's Local Census Office. See Exhibit 2. Plaintiff's supervisors counseled Plaintiff on his inadequate management of his crew leaders and staff as well as his lack of communication with his direct supervisor, Bruce Kamerer, former Assistant Manager for Field Operations. See Exhibit 3. After continuing performance problems with District 6, on May 16, 2000 the Census Bureau brought in supplemental staff from the Chelsea district, which improved the performance of District 6. See Exhibit 2. Finally, on May 23, 2000, after weeks of counseling, Plaintiff's temporary employment was terminated due to unsatisfactory performance. See Exhibit 4.

On May 25, 2000, Plaintiff first contacted an EEO Counselor, Craig Cassidy, and alleged that he had been discriminated against on the basis of his race (black). See Exhibit 5. On May 31, 2000 Mr. Cassidy sent Plaintiff the "Notice of Right to File within 15 Calendar Days," which

---

[2] Upon commencement of his temporary employment, Plaintiff signed an excepted service agreement for temporary employment with the Agency on March 20, 2000. Report of Investigation (ROI), Exhibit E8 at 1-4. This agreement stated Plaintiff's temporary position was a "*temporary appointment in the excepted service for less than one year*." Id. at 1.

Plaintiff received and signed for on June 22, 2000. See Exhibit 6. This notice informed Plaintiff of the timeline for filing a complaint as being within 15 days of receipt of the notice, and it also stated that "only matters that you raise in the pre-complaint counseling . . . may be alleged in any future formal complaint you file." See id. On July 18, 2000, Plaintiff filed his formal complaint, a full eleven days after expiration of the 15 day statutory deadline. See Exhibit 7. Additionally, Plaintiff's untimely formal complaint raised for the first time issues that were not addressed in the pre-complaint counseling process. Id.

On December 13, 2000, Plaintiff's complaint was dismissed by the Washington Field Office of the Equal Employment Opportunity Commission ("EEOC") for failure "to comply with the applicable time limits for filing your complaint pursuant to 29 C.F.R. § 1614.107(a)(2)." See Exhibit 8. In a letter dated January 17, 2001, Plaintiff appealed the dismissal of his complaint, alleging that he had no knowledge of the fifteen day deadline, stating "I did not open your letter until a few weeks after receiving it." See Exhibit 9. On February 6, 2001, Plaintiff's EEO complaint was remanded back to the Agency for further processing, and the complaint was authorized for investigation.[3] After the investigation was completed, Plaintiff received his Report of Investigation on August 8, 2001, and requested a hearing before an EEOC Administrative Judge ("AJ"). On March 24, 2003, after Plaintiff's failure to respond to the EEOC AJ's Show Cause Order of February 21, 2003, the Judge dismissed his request for a hearing and remanded the complaint to the Agency for further processing. See Exhibit 10. On

---

[3] Mere acceptance and investigation of an intimely administrative complaint does not necessarily waive the issue of timeliness in the absence of an affirmative finding that the complaint is timely or a finding of discrimination. Rowe v. Sullivan, 967 F.2d 186, 191 (5th Cir. 1992).

May 22, 2003, the Agency issued a Final Agency Decision (FAD) decision finding no discrimination.  See Exhibit 11.  The FAD letter detailed the procedures that Plaintiff must follow, including a thirty (30) day deadline for appealing the Agency's FAD.  See Exhibit 11.  On June 26, 2003, Plaintiff appealed the Agency's FAD to the Office of Federal Operations (OFO).  See Exhibit 12.  On June 3, 2004, OFO issued a decision affirming the Agency's FAD finding no discrimination.  See Exhibit 13.  In OFO's June 3, 2004, Decision, Plaintiff was informed of the applicable deadlines for filing a civil action relative to his discrimination complaint.  See id.  On September 10, 2004, over one week after expiration of the 90-day filing deadline, Plaintiff filed his complaint in the present suit in the U.S. District Court, District of Massachusetts.

### III.  ARGUMENT

**A.  Plaintiff's failure to file suit within the statutory time limitations bars his claim in accordance with 42 U.S.C. § 2000(e)(16).**

The EEOC OFO affirmed the Agency's FAD on June 3, 2004.  OFO's decision included notice of Plaintiff's right to file a civil action, as well as notice of the 90-day statute of limitations.  See Exhibit 13.  As the decision was mailed June 3, 2004, under the Federal Rules of Civil Procedure, the presumed date on which Plaintiff received this letter was June 6, 2004.[4]  Fed. R. Civ. P. 6(e); Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 fn. 1 (1984).

---

[4] The certificate of service accompanying OFO's decision stated that "for timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed."  See Exhibit 13.  Even if this Court were to allow the statute of limitations to run from the more gracious date of receipt five days after mailing, this still would not remedy Plaintiff's untimely filing of his complaint.

Thus, Plaintiff had ninety (90) days from June 6, 2004, or until September 6, 2004,[5] to file a civil suit in federal court. 42 U.S.C. § 2000(e)(16)(c); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 92 (1990).

Plaintiff did not file his civil complaint until September 10, 2004, four days after the expiration of the statutory filing deadline. See Exhibit 13. Therefore, the complaint must be dismissed for failure to file within the applicable statute of limitations.

### B.   The Complaint Must be Dismissed Because Plaintiff Failed to Exhaust his Administrative Remedies.

#### 1.   Plaintiff Failed to File his Administrative Complaint Within the Required Time.

Prior to filing a civil action under Title VII, a claimant is required to pursue and exhaust all administrative remedies. Brown v. Gen. Servs. Agency, 425 U.S. 820, 832-33 (1976); Jenson v. U.S. Postal Serv., 912 F.2d 517, 520 (1st Cir. 1990). Exhaustion of remedies requires complying with all applicable EEOC regulations governing the processing of discrimination claims. See 29 C.F.R. § 1614.101, et seq. These EEOC regulations include those that require the timely filing of an administrative complaint with the federal agency that purportedly engaged in the discrimination. 29 C.F.R. § 1614.106. Exhaustion of administrative remedies is an absolute prerequisite to suit under Title VII. Brown, 425 U.S. at 832; Jensen, 912 F.2d at 520. Accordingly, failure to timely file a formal complaint of discrimination within the specified fifteen (15) days from receipt of the Notice of Right to File bars the filing of a civil action based on such discriminatory conduct. Kwatowski v. Runyon, 917 F. Supp. 877, 882-83 (D. Mass.

---

[5] The ninety-day period ran to September 4, 2004, which was a Saturday, so the filing would have been due the next Monday, September 6, 2004. See Rule 6(a), Fed. R. Civ. P.

1996); see also Cano v. U.S. Postal Serv., 755 F.2d 221, 223 (1st Cir. 1985).

After pre-complaint counseling with an EEO Counselor, an individual alleging discrimination must file a formal complaint within fifteen days of receipt of a notice of right to file a discrimination complaint. 29 C.F.R. §§ 1614.105(d), 1614.106(b). Plaintiff in this matter met with an EEO Counselor on May 25, 2000, and stated that the sole basis for his alleged discrimination was race. See Exhibit 5. Plaintiff received the notice of right to file within 15 days on June 22, 2000, as evidenced by his signature on the return receipt, as well as his admission of receiving the letter and leaving it unopened for several weeks. See Exhibit 6 and Exhibit 9; see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990). Despite Plaintiff's knowledge of the 15-day limitation period for filing his complaint, Plaintiff did nothing to ensure that his rights were protected when he waited until July 18, 2000, to file his formal administrative complaint of discrimination. See Exhibit 7. "Garden variety" neglect does not excuse untimeliness. Irwin, 498 U.S. at 96.[6]

### 2. **Plaintiff Failed to Raise all Claims During Pre-Complaint Counseling**

As required by statute, "only the claims raised in pre-complaint counseling . . . may be alleged in a subsequent complaint filed with the agency." 29 C.F.R. § 1614.105(b)(1); see also Exhibit 6. Any additional claims raised by plaintiffs should be dismissed if they were not alleged in the pre-complaint counseling period. Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir.

---

[6] No basis exists for an exception to the timing requirements discussed in this memorandum, particularly since Plaintiff knew of the applicable time limits and missed them due to his own negligence. See e.g., Exhibit 9 (as to the late filing of his formal administrative complaint, Plaintiff states "I did not open the [notice of right to file] letter until a few weeks after receiving it."); see also Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) ("Procedural safeguards established by Congress for gaining access to the federal courts are not to be disregarded.").

1996) (dismissing plaintiff's complaint of general discrimination where administrative claim only alleged disability discrimination). Because Plaintiff raised additional claims after his pre-complaint counseling, he did not adequately exhaust his administrative remedies with respect to these complaints.

The EEO Counselor reported that Plaintiff alleged discrimination solely on the basis of race during their meeting on May 25, 2000. See Exhibit 5. Plaintiff was made aware that additional claims would not be allowed as evidenced in the "Notice of Complainant's Rights and Responsibilities in the EEO Complaint Process." See Exhibit 6. Plaintiff received this letter on June 22, 2000, approximately one month before he filed his formal complaint. Id. Despite receiving this notice and being made aware that additional complaints could not be alleged in future filings, Plaintiff raised new and novel issues by claiming discrimination based on other characteristics than that raised in pre-complaint counseling. Plaintiff's formal administrative complaint asserts additional claims that were not part of the pre-complaint counseling; specifically, discrimination based on national origin and gender, as well as retaliation and defamation. See Exhibit 7. Because race was the only basis asserted by Plaintiff in pre-complaint counseling, Plaintiff failed to exhaust his remedies related to these later-raised claims of gender and national origin discrimination, as well as defamation and retaliation, and such additional complaints are barred. 29 C.F.R. § 1614.105(b)(1). See also Powers v. Grinnell Corp., 915 F.2d 34, 38 (1st Cir. 1990) (*citing* Less v. Nestle Co., 705 Supp. 110, 112 (W.D.N.Y. 1988)).

### IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's complaint in its entirety because Plaintiff failed to exhaust his administrative remedies, added additional claims to the formal complaint that were not alleged in the pre-complaint counseling, and failed to file the instant complaint in a timely manner.  Therefore, this Court lacks subject matter jurisdiction over Plaintiff's claims under Fed. R. Civ. P. 12(b)(1) and 12(h)(3).

Respectfully submitted,

DONALD EVANS,
Secretary of Commerce,
U.S. Department of Commerce


/s/Eugenia M. Carris
By:   Eugenia M. Carris
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way- Suite 9200
Boston, MA 02210
(617) 748-3282

Of Counsel:

Christopher M. Paridon
U.S. Dept. of Commerce
Office of General Counsel (E&LLD)
Bureau of the Census
4700 Silver Hill Road, Suite 1221
Washington, DC 20233

Dated: March 2, 2006

### CERTIFICATE OF SERVICE

This is to certify that I have this 2nd day of March 2006, served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery: Joseph Eubanks, Jr., *pro se*, 14 Ruthven Street, Boston, MA 02121.

/s/Eugenia M. Carris
Assistant United States Attorney