UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. NO. 04-11978-GAO

---

**JOSEPH EUBANKS, JR.**
*Plaintiff*

v.

**DONALD EVANS, Secretary of Commerce,
U. S. Department of Commerce, et al.**
*Defendants*

---

**OPPOSITION OF PLAINTIFF JOSEPH EUBANKS, JR.
TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Joseph Eubanks, Jr. ("Eubanks") through counsel, hereby opposes the Motion to Dismiss filed by Defendants in this action. As is set forth in greater detail below, the Motion to Dismiss must be denied as:

1. Plaintiff filed suit within the 90-day time limit set forth in 42 USC §2000(e)(16).

2. Plaintiff has exhausted his administrative remedies as he filed his administrative complaint within the required 15-day time frame.

3. Plaintiff has exhausted his administrative remedies as he raised in his complaint before the administrative agency claims raised in his pre-complaint counseling and claims "like or related to" the claims raised in pre-complaint counseling.

**I. INTRODUCTION**

Defendants have moved to dismiss the complaint in this action, as Defendants claim that the complaint was not filed in this Court within the time limit of 90-days after Plaintiff's receipt of the EEOC's decision of his appeal of the final agency decision; that Plaintiff failed to exhaust his

1

administrative remedies as he did not file his complaint of discrimination with the agency (Defendant Department of Commerce) within 15-days of his receipt of a notice of right to file a discrimination complaint from an EEO counselor; and, Plaintiff did not exhaust his administrative remedies as he did not raise in his pre-complaint counseling all of the claims raised in the complaint he filed with the agency.  All of these assertions are wrong, as is discussed in greater detail below.  Specifically, Plaintiff's Complaint was filed with this Court within 90-days of his receipt of the EEOC's final decision, Plaintiff filed his complaint with the Department of Commerce within 15-days of his receipt of notice of right to do so from the EEO counselor and Plaintiff raised claims in his complaint with the agency which were adequately "like or related to" claims he raised in pre-complaint counseling.  Accordingly, there is no basis for the dismissal of the Complaint before this Court on the grounds asserted by Defendant.

However, it bears elaboration that one of the factual grounds upon which Defendants seek dismissal of the Complaint, and one of the legal grounds on which Defendants seek dismissal of the complaint, have been misrepresented to the Court.  The <u>fact</u> that has been misrepresented is the claim that Plaintiff "received the notice of right to file within 15-days on June 22, 2000 **as evidenced by his signature on the return receipt**…"   The <u>legal grounds</u> which is misrepresented by Defendants is the excerpt from 29 CFR §1614.105(b)(1) which states, as excerpted by Defendants in their Motion, that "only the claims raised in pre-complaint counseling…may be alleged in a subsequent complaint filed with the agency."  As is discussed below, absolutely no proof or evidence has been submitted to the Court evidencing either that Plaintiff signed the return receipt at issue on June 22, 2000, or that he received the notice of right to file on June 22, 2000.  Defendants' claim that this occurred is merely an unsupported assertion by Defendants.  Similarly, that portion of 29 CFR §1614.105(b)(1) which has been omitted by Defendants indicates that it is **not** only claims raised in pre-complaint counseling which "may be alleged in a subsequent complaint filed with the agency," but rather, that additionally "issues or

2

claims like or related to issues or claims raised in pre-complaint counseling" may be alleged in a subsequent complaint filed with the agency.

Particularly in relation to a Motion to Dismiss, when all well-pleaded allegations of a complaint and all reasonable inferences from those allegations are to be taken in favor of a non-moving party, specifically the Plaintiff, such unsupported and incorrect factual and legal arguments are inappropriate.[1]

## II.    FACTUAL BACKGROUND

As is set forth in Defendant's Motion and in the Complaint in this action, Plaintiff is an African-American male.  Complaint at ¶14.  From March 20, 2000 until the termination of his employment on May 23, 2000, Plaintiff worked as an employee of the Department of Commerce, Bureau of the Census.  Complaint at ¶¶8 and 16.  Plaintiff has claimed that he was subjected to harassment and discrimination in his employment on the basis of his race, ethnicity, and national origin.  Complaint at ¶¶9 and 13.  Plaintiff reported this discriminatory treatment to his supervisors and managers.  Complaint at ¶12.  Plaintiff has asserted that his termination of employment was discriminatory and based on retaliation against him for complaining of discrimination.  Complaint at ¶19.  As a result of his discriminatory treatment while working and his discriminatory termination of employment, Plaintiff asserts that he has suffered damages. Complaint at ¶21.

---

[1] Counsel for Plaintiff notes that until the filing of this Motion to Dismiss, for the approximately 6 years that this action was pending prior to the filing of the Motion to Dismiss, Plaintiff Joseph Eubanks, Jr. had been representing himself pro se in this matter without counsel.  Mr. Eubanks is not an attorney and has not been trained as an attorney.  It was only after Mr. Eubanks received the Motion to Dismiss that he retained counsel to represent him in this matter and that the undersigned entered an appearance on behalf of Mr. Eubanks.

After the termination of his employment on May 23, 2000, indeed on May 25, 2000, only 2 days later, Plaintiff contacted his EEO counselor at the United States Department of Commerce, as he is required to do by relevant regulations. Exhibit 6 to Motion to Dismiss. It appears from Exhibit 6 to the Motion to Dismiss as if a "Notice of Right to File within 15 calendar days," in other words a notice of right to file a formal complaint of discrimination with the Department of Commerce, was sent to Plaintiff on May 31, 2000.

Defendants assert (without any evidence, proof or foundation) that the notice of right to file an agency complaint within 15 days was received by Mr. Eubanks on June 22, 2000. As is discussed in greater detail below, and in the appended Affidavit of Joseph Eubanks at ¶9 (appended to this Opposition as Attachment One), according to the facts attested to by Mr. Eubanks in his Affidavit he received the notice of right to file a complaint on or after July 3, 2000.

On July 18, 2000, Mr. Eubanks filed a formal Complaint of Discrimination with the Department of Commerce. See Exhibit 7 to Motion to Dismiss.

On December 19, 2000, the Equal Employment Opportunity Commission ("EEOC") dismissed Mr. Eubanks' Complaint for untimeliness, claiming that Mr. Eubanks received the notice of right to file agency complaint on June 22, 2000, and that his filing of the Complaint on July 18, 2000 was untimely. See Exhibit 8 to Motion to Dismiss. Mr. Eubanks appealed the dismissal of his Complaint for untimeliness. See Exhibit 9 to Motion to Dismiss. On or about February 5, 2001, the EEOC Office of Federal Operations overturned the dismissal for untimeliness, stating as follows:

> "The record contains a copy of the certified return receipt. The card is signed by Complainant, but is not dated. The Agency contends that Complainant received the Notice on June 22, 2000, but has no evidence to support its contention. Absent proof that Complainant received the notice more than 15-days prior to filing his formal complaint, the Commission cannot find that he was untimely…

4

>Accordingly, the Field Officer's Dismissal is reversed and the claim is remanded for further investigation as provided herein."

The Office of Federal Operations opinion is appended to this Opposition as Attachment Two.

Eventually, on or about May 22, 2003, the Department of Commerce issued a final agency decision dismissing the Plaintiff's Complaint of Discrimination. See Exhibit 11 to Motion to Dismiss. Plaintiff appealed that dismissal of his Complaint to the EEOC. See Exhibit 12 to Motion to Dismiss. On June 3, 2004, the EEOC Office of Federal Operations denied Plaintiff's Appeal and upheld the dismissal of his Complaint of Discrimination. See Exhibit 13 to Motion to Dismiss. According to the certificate of mailing contained on the denial of Plaintiff's Appeal, the notice of the EEOC's denial of his Appeal was mailed to Complainant on June 3, 2004.

Defendants are unable to prove when Plaintiff received the final EEOC decision. Despite their lack of proof, Defendants argue that pursuant to either Rule 6(e) of the Federal Rules of Civil Procedure, or under the presumption set forth in the certificate of mailing at the end of the EEOC's final decision, the latest date it should be deemed that the decision was received by Plaintiff would have been September 6, 2004, some 4 days prior to the filing of the Complaint in this action.

As is set forth in greater detail below, Plaintiff asserts that he received the EEOC's final decision on or after June 12, 2004, and that his filing of the Complaint with this Court was therefore timely (within the 90-day period following Plaintiff's receipt of the final decision). At ¶1 of his Affidavit, Mr. Eubanks explains that during 2003, 2004 and 2005, he frequently had serious problems with his mail delivery. Particularly as a result of these problems with his mail delivery, Mr. Eubanks was especially vigilant in the May and June, 2004 time period to thoroughly check

for his mail on a daily basis as he was expecting to receive mail related to his discrimination claims. Id.

Mr. Eubanks does not recall the exact date he received the June 3, 2004 EEOC final decision. Eubanks Affidavit at ¶2. However, Mr. Eubanks states that he does recall that the day he received and opened the EEOC final decision denying his Appeal was the same day that the decision arrived in his mailbox. Id at ¶4. That very same day Mr. Eubanks used a calendar to determine the deadline for filing his Complaint in the U.S. District Court. Id.

Shortly after receiving the EEOC decision, Mr. Eubanks contacted the Clerk's Office of this Court and requested a pro se filing packet. Id at ¶5. As he did not receive the packet within a week or two, Mr. Eubanks went to the Clerk's Office approximately two weeks later and while speaking with a Clerk about obtaining the pro se filing packet, worked with the Clerk to compute the day that his Complaint was due to be filed. Id. They determined that the deadline for filing the Complaint was the same date that Mr. Eubanks had previously computed. The Clerk also indicated to Mr. Eubanks that many people waited until the last day or the next to last day prior to the deadline to actually file their complaints. Id.

Based upon his computation of the deadline for filing the Complaint, Mr. Eubanks filed his Complaint with this Court on September 10, 2004, which according to his computations at the time, was timely, and was within 90-days of his receipt of EEOC final decision. Id at ¶6. It is Mr. Eubanks' recollection that September 10, 2004 was either the last day for him to file within the 90-day period or the next to last day to file. Mr. Eubanks states in his Affidavit that based upon his recollection of his computations and the events set forth previously, he received the EEOC final decision on June 12, 2004 or later. Id.

6

Mr. Eubanks also discusses in his Affidavit his receipt of the EEO counselor's report and notice of right to file formal complaint within 15-days.  Id at ¶¶7, 8 and 9.

After learning of the termination of his employment, Mr. Eubanks was very upset.  Id at ¶7.  Mr. Eubanks was so upset that he was experiencing extreme headaches, tension and a rise in his blood pressure.  Id.  Due to these symptoms, Mr. Eubanks went to the Emergency Room of the Boston Medical Center where he was seen by a physician.  Id.  Based upon Mr. Eubanks' condition and symptoms, the physician told Mr. Eubanks not to deal with any issues relating to his job for several weeks.  Id at ¶8.

As a result of how he was feeling and what had been said to him by the physician, when Mr. Eubanks received the May 31, 2000 letter from the EEO counselor notifying him of the 15-day right to file a complaint, he did not immediately open that document.  Id at ¶9.  Mr. Eubanks does not recall the date he received the "15-day letter" or the date that he opened it.  Id.  However, Mr. Eubanks states that based upon his best current recollection, he did not wait more than two weeks to open the letter.  Id.

As soon as Mr. Eubanks opened the "15-day letter" he realized that he might be very close to the deadline for filing his Complaint with the Department of Commerce, although he did not know the exact deadline.  Id.  As a result of his realization that he might be close to the deadline, he immediately filled out the complaint form, took it to the Post Office that day, and mailed it by Express Mail Next Day Delivery to the Department of Commerce (where it was received the next day).  Id.  The Complaint was deemed filed on July 18, 2000.  Id.

Mr. Eubanks states in his Affidavit that he filed the Complaint with the Department of Commerce within the 15-day deadline.  Id.

7

### III.     ARGUMENT

*1.     Standard of Review*

In ruling upon a Motion to Dismiss, a Court must take as true the allegations set forth in the complaint.  <u>Arturet-Velez vs. R.J. Reynolds Tobacco Company</u>, 429 F. 2d 10, 13 (1st Cir. 2005).[2]

*2.     The Complaint was filed with this Court within the 90-day limitations period established by 42 USC 2000(e)(16).*

As was discussed in the preceding portion of this Opposition, Mr. Eubanks states under oath in his Affidavit which is appended to this Opposition that he "received the EEOC decision on June 12, 2004 or later."  Eubanks' Affidavit at ¶6.  Based upon that statement of Mr. Eubanks, his filing of the Complaint with this Court on September 10, 2004 is timely, and is in compliance with the 90-day filing deadline set forth in 42 USC 2000(e)(16).  Based upon the receipt date of June 12, 2004, or later, the filing of the Complaint on September 10, 2004 was accomplished either on the last date to file or sometime shortly prior to the expiration of the 90-day deadline, but most importantly it was <u>within</u> the 90-day deadline.

In opposition to this argument, Defendants have set forth no evidence or proof of the date on which Mr. Eubanks received the EEOC final decision.  Defendants have advanced no evidence or proof which would contradict Mr. Eubanks' claim under oath that he received the EEOC final decision on or after June 12, 2004.

---

[2] Similarly, to the extent the Motion to Dismiss is treated as a Motion for Summary Judgment, all questions of credibility and all inferences are to be drawn in favor of the non-moving party.  To the extent that there exist any genuine disputes of material fact, a motion for summary judgment must be denied.

In support of its untimeliness arguments, Defendant relies solely on a supposed "presumption" allegedly established by Rule 6(e) of the Federal Rules of Civil Procedure that a document mailed is presumed received within 3 days of mailing.  That is not a correct statement of Rule 6(e). Rather, Rule 6(e) merely states that when a party has a right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or paper upon the party, and the notice or papers are served by mail, "three days should be added to the prescribed period." No presumption is established by the Rule.

However, to whatever extent caselaw discussing Rule 6(e) may create a presumption of receipt within 3 days (or if the relevant presumption is that the document was received within 5 calendar days after it was mailed, as is set forth in footnote 4 in the Motion to Dismiss) at most a rebuttable presumption is established.  By his statement that he received the decision on or after June 12, 2004, Mr. Eubanks has successfully (for the purposes of the Motion to Dismiss) rebutted any presumption that he received the EEOC final decision prior to that date.[3]

Mr. Eubanks has adequately alleged that he filed his Complaint with this Court within the 90-day time period allowed by 42 USC §2000(e).  The Complaint must not be dismissed for untimeliness and in relation to the argument that the 90-day statute of limitations was not complied with, the Motion to Dismiss must be denied.[4]

---

[3] To the extent that the Court treats the Motion as a Motion for Summary Judgment rather than a Motion to Dismiss, Mr. Eubanks' statement in his Affidavit that he received the EEOC final decision on June 12, 2004 or later establishes the existence of a genuine dispute as to a material fact which precludes the granting of Summary Judgment.

[4] Plaintiff notes that the 90-day suit filing period has been deemed to be not jurisdictional, but rather a statute of limitations susceptible to tolling in certain circumstances.  See, e.g., Rice v. New England College, 676 F.2d 9, 10 (1st Cir. 1982).

9

> **3.     *Plaintiff exhausted his administrative remedies as he filed his administrative complaint within the required 15-day time period.***

According to the EEOC Regulations regarding the processing of discrimination complaints for federal employees, after "pre-complaint counseling" with an EEO counselor, an individual alleging discrimination must file a formal complaint of discrimination with his or her federal agency within 15-days of receipt of a notice of right to file a discrimination complaint.

Defendants assert that Plaintiff did not file his formal agency complaint with the Department of Commerce within the 15-day time limit as supposedly "Plaintiff received the notice of right to file within 15-days on June 22, 2000 as evidenced by his signature on the return receipt, as well as his admission of receiving the letter and leaving it unopened for several weeks.  See Exhibits 6 and 9…" Motion to Dismiss at p.6.

Exhibit 9 to the Motion to Dismiss which is relied upon by Defendants does not state when it was that Plaintiff received the "15-day Right to Sue Letter."  It is not clear from Exhibit 9 when the "few weeks" expired.  Indeed, that language is consistent with the statement in Plaintiff's Affidavit which is appended to this Opposition that he waited nearly two weeks to open the Right to Sue Letter.

More importantly, Defendants' statement that Plaintiff received the 15-day Right to Sue Letter "on June 22, 2000 as evidenced by his signature on the return receipt" is a misrepresentation of the facts of this action and the evidence before the Court.

The last page of Exhibit 6 to which Defendants refer is a receipt for certified mail, what appears to be the "green card" which would have been sent back to the Department of Commerce after Mr. Eubanks signed the card when he received the piece of mail, and then what appears to be

10

another page upon which the green card was placed.  This background piece of paper upon which the green card appears to have been placed at some point when it was being photocopied appears to contain the following language "comp rec'd RTF…Jun 22, 20 [remainder illegible].

Nowhere on the copy of the "receipt for certified mail" is there any indication of when the document was received by Mr. Eubanks (nor would there be any such indication on this document as the "receipt for certified mail" is the document which would have been given to the sender of the mail upon placing the mail with the Post Office for delivery).

The return receipt card itself (the "green card"), does appear to contain Mr. Eubanks' signature but nowhere on the copy of the green card which is contained in Exhibit 6 is there any indication of when the document was signed for by Mr. Eubanks.

The page of Exhibit 6 which contains the green card and receipt, appears to have been copied in such a way that the Green card was placed over another piece of paper and it was that other piece of paper which contained some notation regarding June 22nd.  It is not at all clear whether that notation refers to June 22nd, whether it refers to the date the document was received by Mr. Eubanks, who wrote that notation, or indeed even on what piece of paper the notation was made.  However, the green card itself physically ends prior to that notation and the extra piece of paper would not have been present when Mr. Eubanks signed the green card.  Exhibit 6 does not in any way establish or prove that Mr. Eubanks signed the green card (and thus received the 15-day Notice of Right to Sue) on June 22, 2000.   There is no explanation of the notation on Exhibit 6 nor any explanation of how it supposedly proves the date on which Mr. Eubanks allegedly received the piece of mail.

As was discussed in an earlier section of this Brief, the EEOC itself dealt with this issue in its decision granting Mr. Eubanks' Appeal of the initial Dismissal of his Complaint by the EEOC Field Office for untimeliness. Apparently, when it was dealing with this issue the EEOC Office of Federal Operations had the same evidence before it as does this Court. However, the Office of Federal Operations did not find this evidence to establish when Mr. Eubanks received the Notice of Right to Sue. As was stated in its decision, the Office of Federal Operations found as follows:

> "The record contains a copy of the certified return receipt card. The card is signed by Complainant but is not dated. The Agency contends that Complainant received the notice on June 22, 2000, but has no evidence to support its contention. Absent proof that Complainant received the notice more than 15-days prior to filing his formal Complaint the Commission cannot find that he was untimely."

See Attachment Two to this Opposition.

In his Affidavit, Mr. Eubanks states that although he cannot recall the exact date he received the 15-day Right to Sue Letter, based upon his recollections of his actions after receiving the letter, he states that he filed the formal Complaint within the 15-day deadline. Eubanks' Affidavit at ¶9.

Defendant is unable to prove, other than through pure speculation and a misstatement of evidence, that Plaintiff filed his agency complaint beyond the 15-day deadline. Alternatively, Plaintiff has affirmatively stated under oath that he filed the agency complaint within the 15-day deadline, that his complaint was timely. For the purposes of this Motion to Dismiss, it therefore must be found that the agency complaint was filed in a timely fashion.[5]

---

[5] To the extent the Court treats Defendant's Motion as a Motion for Summary Judgment rather than a Motion to Dismiss, there is a genuine dispute as to the material fact of when Plaintiff received the 15-day right to sue letter and whether his agency complaint was filed in a timely fashion. The existence of this genuine dispute as to a material fact precludes the granting of the Motion.

  **4.** ***Plaintiff has exhausted his administrative remedies as he has indeed raised all claims or "claims like or related to" claims raised in pre-complaint counseling.***

In the Motion to Dismiss Defendants state that Plaintiff has failed to exhaust his administrative remedies as he raised only issues of race discrimination in his pre-complaint counseling, but raised issues in his formal administrative complaint related to other matters such as discrimination based on national origin and gender, retaliation and defamation.  The grounds upon which Defendants rely for asserting that these claims in addition to race claims must be dismissed, is an incomplete excerpt Defendants present of 29 CFR §1614.105(b)(1).

In the excerpt quoted by Defendants, Defendants state that, "only the claims raised in pre-complaint counseling…may be alleged in a subsequent complaint filed with the agency."  The problem with this excerpted quote is that it is the language deleted by Defendants from this portion of the Code of Federal Regulations and replaced with an ellipses, which <u>specifically allows</u> Mr. Eubanks to raise in his agency complaint additional matters such as discrimination due to national origin, gender, retaliation and defamation.  The full language of the relevant portion of 29 CFR §1614.105(b)(1) reads as follows:

> "…only the claims raised in pre-complaint counseling (or issues or claims like or related to issues or claims raised in pre-complaint counseling) may be alleged in a subsequent complaint filed with the agency."

There is no doubt that in his pre-complaint counseling Mr. Eubanks alleged that he was discriminated against on the basis of his race during his employment and in relation to his termination.  Surely, there can be no doubt that claims that his treatment during employment, the terms and conditions of his employment and his termination additionally constituted

discrimination due to national origin and gender, or related to retaliation or defamation, are claims "like or related to" the claims he raised in his pre-complaint counseling.[6]

The various other types of discriminatory treatment raised by Mr. Eubanks in his agency complaint were within the expanded range of issues he is allowed to raise by 29 CFR §1615.105(b)(1). Accordingly, this portion of the Motion to Dismiss must be denied.

## IV.     CONCLUSION

For all of the foregoing reasons it is respectfully requested that the Motion to Dismiss filed by Defendants be denied.

          Respectfully submitted
          JOSEPH EUBANKS
          By his attorney,

          /s/Mitchell J. Notis

          _____
          Mitchell J. Notis, BBO 374360
          LAW OFFICE OF MITCHELL J. NOTIS
          370 Washington Street
          Brookline, Massachusetts 02445
          617-566-2700

DATED: May 22, 2006

---

[6] Although it would certainly be fair to allow Defendants to argue that these additional claims are not somehow "like or related to" the claims Mr. Eubanks raised in his pre-complaint counseling, Defendant has not done that. Defendant has misrepresented that it is only claims specifically raised in pre-complaint counseling which may be raised in a complaint filed with an agency, which is absolutely not what is stated in 29 CFR §1614.105(b)(1).