# ATTACHMENT TWO

# EEOC DECISION OVERTURNING INITIAL DISMISSAL OF COMPLAINT TO AGENCY

Joseph Eubanks, Jr. v. Department of Commerce
01A11847
February 6, 2001


Joseph Eubanks, Jr.,
Complainant,

v.

Donald L. Evans,
Secretary,
Department of Commerce,
Agency.

Appeal No. 01A11847

Agency No. 00-63-02125D

DECISION
The instant matter is being processed pursuant to a Memorandum of Understanding (MOU) entered into by the agency, the Bureau of the Census, and the United States Equal Employment Opportunity Commission. The MOU was entered into in order to process complaints arising from the 2000 Decennial Census more effectively and efficiently.

Pursuant to the MOU, individuals file their complaints directly with the Commission. The Commission, through its Washington, D.C. Field Office, then conducts an early assessment of complaints and neutral evaluation of cases. The Washington, D.C. Field Office of the Commission establishes a record of the complaint by obtaining an affidavit from the complainant and by contacting an agency official to obtain the necessary information on the complaint. Based on the record established by the Washington, D.C. Field Office, the Washington, D.C. Field Office will: (1) notify the agency that the individual has elected not to file a formal complaint; (2) issue a decision dismissing the complaint and notify the complainant of his or her right to appeal the decision to the Office of Federal Operations; (3) conduct settlement negotiations; or (4) notify the complainant that the complaint has been accepted and forward the complaint to the agency for further investigation.

The Commission's Washington, D.C. Field Office dismissed the instant complaint for failure to timely file a formal complaint. Specifically, the Field Office found that complainant received the notice of right to file his formal complaint on June 22, 2000, but failed to file his formal complaint until July 18, 2000.

Complainants must file their formal complaints within fifteen (15) days of receiving the right to do so. See 29 C.F.R. § 1614.106. The regulations require the dismissal of claims that fail to comply with this time limit. See 29 C.F.R. § 1614.107(a)(2).
The record contains a copy of the certified return-receipt card. The card is signed by complainant, but is not dated. The agency contends that complainant received the notice on June 22, 2000, but has no evidence to support its contention. Absent proof that complainant received the notice more than fifteen days prior to filing his formal complaint, the Commission cannot find that he was untimely.

CONCLUSION

Accordingly, the Field Office's dismissal is REVERSED, and the claim is REMANDED for further investigation as provided herein.

ORDER

As provided in the Memorandum of Understanding, the Washington Field Office shall conduct settlement negotiations and, if unsuccessful, forward the files to the agency for investigation. The agency shall complete its investigation within 180 days upon receipt of the file. At the conclusion of the investigation, the agency must forward a copy of the investigation to complainant, and provide her rights to a final agency decision, or a hearing with an EEOC Administrative Judge. The agency must provide the Compliance Officer with a copy of its cover letter sending the investigation and notice of rights to complainant as indicated herein. If the complaint has been settled or otherwise closed within the 180 day time frame, then the agency must provide the Compliance Officer with notice of such.

IMPLEMENTATION OF THE COMMISSION'S DECISION (K0900)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. § 2000e-16(c)(Supp. V 1993). If the complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. See 29 C.F.R. § 1614.409.

STATEMENT OF RIGHTS - ON APPEAL

RECONSIDERATION (M0900)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the office of federal operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. See 29

Case 1:04-cv-11978-GAO    Document 25-3    Filed 05/22/2006    Page 4 of 5


C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

                    COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION
                                   (R0900)

This is a decision requiring the agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. In the alternative, you may file a civil action after one hundred and eighty (180) calendar days of the date you filed your complaint with the agency, or filed your appeal with the Commission. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. Filing a civil action will terminate the administrative processing of your complaint.

RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

_____
Carlton M. Hadden, Director
Office of Federal Operations

February 6, 2001
_____
Date

CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

_____
Date

_____
Equal Opportunity Assistant