UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11978-GAO

JOSEPH EUBANKS, JR.,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF COMMERCE,
DONALD EVANS, Secretary of Commerce,
ARTHUR DUKAKIS, C. STEPHEN DRISCOLL,
ROBERT SIMMONS, and BRUCE KAMERER,

Defendants.

ORDER
August 24, 2006

O'TOOLE, D.J.

Joseph Eubanks, Jr. brings this action against the Department of Commerce, the Secretary of Commerce, and four individuals employed by the Department of Commerce in Massachusetts (collectively "DOC"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.  Specifically, Eubanks claims he was subjected to a pattern of discrimination in the workplace and, ultimately, termination from his position based on the prohibited factors of race, gender, ethnicity, and national origin when he worked for DOC's Bureau of the Census from March 20, 2000 to May 23, 2000.  DOC has moved to dismiss the complaint, asserting essentially three distinct grounds:  (1) Eubanks failed to file this suit within the prescribed statutory time limitation; (2) Eubanks failed properly to exhaust his administrative remedies because he did not file his administrative complaint within the time prescribed by applicable regulations;  and (3) Eubanks failed properly to exhaust his administrative remedies because he did not raise all of the

claims asserted in his administrative complaint during his informal "pre-complaint" counseling. I conclude that DOC's motion ought to be denied.

DOC's first argument is that Eubanks failed, as required by 42 U.S.C. § 2000e-16(c), to file his complaint in this case "within 90 days of receipt of notice of final action" by the Equal Employment Opportunity Commission (EEOC). DOC argues, as some cases appear to have held, see, e.g., Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984); Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525-26 (2d Cir. 1996), that Fed. R. Civ. P. 6(e) establishes a presumption, in cases where the actual date of receipt of an EEOC notice is unknown or disputed, that a claimant received an EEOC notice within three days of its mailing date. If there is such a presumption, a point it is not necessary to decide, Eubanks has proffered facts which he says are sufficient to rebut the presumption. There is, accordingly, a factual dispute about the date he received the EEOC notice. See Sherlock, 84 F.3d at 526; see also Pizzaro v. My Sister's Place, No. 03 Civ. 8478(SCR), 2005 WL 1414401, *2 (S.D.N.Y. May 5, 2005). If the facts are as Eubanks says they are, then his filing was timely. If otherwise, then perhaps not. This is not a matter that can be resolved in the defendants' favor on a motion to dismiss.

Similarly unavailing are DOC's two arguments that Eubank's failed to exhaust his administrative remedies. DOC first argues that Eubanks failed to file his formal administrative complaint within fifteen days of receiving notice of his right to file a formal administrative complaint from the counselor who performed his informal "pre-complaint" counseling. See 29 C.F.R. § 1614.106(b). The DOC had previously argued in the administrative process that this alleged untimeliness was a reason for dismissing Eubanks' administrative complaint. However, the EEOC Office of Federal Operations rejected this argument and reversed the field office dismissal of the

complaint as untimely, stating: "The record contains a copy of the certified return-receipt. The card is signed by the complainant, but is not dated. The agency contends that complainant received the notice on June 22, 2000, but has no evidence to support its contention. Absent proof that complainant received the notice more than fifteen days prior to the filing of his formal complaint, the Commission cannot find that he was untimely." Pl's Opp'n to Defs.'s Mot. to Dismiss, Ex. 2, EEOC Decision, Feb. 6, 2001, at 1. Here, DOC presents the same evidence and argument it presented unsuccessfully to the EEOC. This also is not an issue that can be resolved against the plaintiff on a motion to dismiss.

Finally, DOC argues that Eubanks' complaint should be dismissed to the extent it seeks to raise claims of discrimination based on factors other than race, as well as claims of retaliation and defamation, because Eubanks failed to raise those issues in his informal "pre-complaint" counseling session. The regulation which DOC relies on to support this argument, 29 C.F.R. 1614.105(b)(1), places an obligation on the counselor performing the "pre-complaint" counseling, inter alia, to advise the complainant in writing "that only the claims raised in pre-complaint counseling (or issues or claims like or related to issues or claims raised in pre-complaint counseling) may be alleged in a subsequent complaint filed with the agency." At the very least, assuming for the sake of argument that this regulation also places an obligation on a complainant to raise all potential issues or claims (or issues or claims like or related to those issues or claims) in "pre-complaint" counseling or else forfeit the opportunity to raise those claims in their formal administrative complaint,[1] DOC has not conclusively

---

[1] The cases DOC relies on, Powers v. Grinnell Corp., 915 F.2d 34, 38 (1st Cir. 1990) and Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996), appear inapposite to support this proposition in the circumstances of this case. Those cases addressed situations where an aggrieved employee attempted to raise issues that were not raised at all in the administrative process in a subsequent civil action. In such a situation, "[t]he scope of the civil complaint is accordingly limited by the charge filed with

demonstrated that Eubanks' formal administrative complaint raised issues or claims that were not "like or related to issues or claims raised in pre-complaint counseling." Again, the facts of the matter are not so indisputably on DOC's side that it would be proper to grant the motion to dismiss.

Accordingly, Defendants' Motion to Dismiss (Dk. #18) is DENIED.

Discovery in this action had been stayed, at the defendants' request, pending the resolution of this motion. That stay is now lifted. Because the filing of this motion and the stay have delayed the commencement of discovery, the prior discovery schedule will need to be adjusted. The parties shall, within 14 days, confer and submit an amended scheduling order to the Court for approval or, if it is not possible to reach agreement, notify the Clerk of Court that the scheduling of a status conference is necessary.

It is SO ORDERED.

|   |   |
|---|---|
| August 24, 2006 | /s/ George A. O'Toole, Jr. |
| DATE | DISTRICT JUDGE |

---

the EEOC and the investigation which can reasonably be expected to grow out of that charge," Powers, 915 F.2d at 38 (citation omitted), and a complainant will be held to have failed to exhaust administrative remedies as to any issue falling outside the scope. See id.; see also Antol, 82 F.3d at 1295-96. The rationale of those decisions is that such a "scope" rule, by virtue of forcing the complainant to put the agency and the EEOC on notice of all claims of discrimination during the administrative process, furthers the purpose behind requiring administrative exhaustion, namely, avoiding unnecessary civil litigation by giving the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion. See Antol 82 F.3d at 1296. DOC's argument in this case is not supported by the rationale in those cases because, as DOC concedes, Eubanks *did* raise these issues in the administrative process at both the formal administrative complaint hearing level and the EEOC appeal level.

4